KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-5528/(619) 235-2757 (Fax)
peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | ) | Case No. 08CR0301-W |
|---|---|---|
| Plaintiff, | ) | **GOVERNMENT'S TRIAL MEMORANDUM** |
| v. | ) | |
| | ) | Date: June 17, 2008 |
| CARLOS DAVID QUINONEZ, SR., | ) | Time: 9:00 a.m. |
| | ) | Hon.: Thomas J. Whelan |
| Defendant. | ) | |

COMES NOW Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and PETER J. MAZZA, Assistant United States Attorney, and hereby files its Trial Memorandum.

//
//
//
//
//
//
//
//
//

**I.**

**STATEMENT OF THE CASE**

**A.   CHARGES & INDICTMENT**

A federal grand jury on February 4, 2008 indicted Defendant Carlos David Quinonez, Sr. on two counts: (1) one count of bringing in an illegal alien for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii); and (2) one count of bringing in illegal aliens without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On February 7, 2008, Defendant entered a not guilty plea.

**B.   TRIAL STATUS**

Trial is scheduled for June 17, 2008 at 9:00 a.m., before the Honorable Thomas J. Whelan. The Government anticipates that its case-in-chief will take one day.

**C.   STATUS OF DEFENDANT**

Defendant has been released on bond since January 31, 2008.

**D.   STATUS OF COUNSEL**

Defendant is represented by Hanni Fakhoury, Esq., Federal Defenders of San Diego, Inc. (appointed counsel).

**E.   INTERPRETER**

The Government will need a Spanish language interpreter for at least one of its witnesses. The Government is unaware of whether Defendant will require an interpreter.

**F.   JURY WAIVER**

Defendant has not waived trial by jury.

//
//
//
//

**G.    PRETRIAL MOTIONS**

On March 10, 2008, Defendant filed motions to: (1) compel discovery; (2) preserve evidence; (3) suppress statements; (4) for order to hold voluntariness hearing; (5) preclude Government from proceeding under an aiding and abetting theory of liability; (6) for leave to file additional motions; and (7) dismiss indictment due to improper grand jury instructions. On April 2, 2008, the United States responded to each of the above-described motions.  The Court held a motion hearing on April 9, 2008, and made the following rulings on Defendant's motions: (1) denied motion to preserve evidence as moot; (2) motion to suppress statements granted as to the Government's case-in-chief; (3) motion to preclude aiding and abetting theory denied; (4) motion to hold voluntariness denied; (5) motion to dismiss indictment due to grand jury instruction denied; and (6) motion to file additional motions granted. Additionally, the Court granted the Government's motion for reciprocal discovery. Finally, the Court set a hearing on motions <u>in limine</u> for June 17, 2008 at 9:00 a.m.

**H.    STIPULATIONS**

The parties have not agreed to any stipulations.

**I.    DISCOVERY**

To date the United States has produced 136 pages of discovery and one dvd to the Defendant.  The Government has complied, and will continue to comply, with its discovery obligations.  Defendant has not provided any reciprocal discovery.

//
//
//
//

**II**

**STATEMENT OF FACTS**

**A.  Primary Inspection**

On January 28, 2008, at approximately 12:47 a.m., Defendant entered the San Ysidro, California Port of Entry as the driver, registered owner, and sole visible occupant of a 2000 Toyota Avalon, bearing California license plate number 5VRW176. Defendant presented his California driver's license to Customs and Border Protection (CBP) Officer Duran in primary inspection. During the course of the inspection, Officer Duran asked Defendant a number of questions. In response, Defendant stated that he is a United States citizen, that he was not bringing anything into the United States, and that he worked for the County of Orange. Defendant then presented Officer Duran his Registered Process Server identification card and badge issued by the Orange County Clerk-Recorder.

Officer Duran conducted an inspection of the vehicle and discovered a person concealed in the trunk. Officer Duran handcuffed Defendant and escorted him to the security office. Another officer then drove the vehicle to secondary for further inspection.

**B.  Secondary Inspection**

At secondary inspection, a lone male individual, later identified as Raul Esquivel-Olvera, was removed from the trunk. Officers determined that Esquivel-Olvera was a citizen of Mexico without any legal entitlement to enter or remain in the United States.

**C.  Defendant's Statement**

At approximately 6:47 a.m., Defendant was advised of his Miranda rights in the English language. Defendant agreed to answer questions without an attorney present. Defendant stated that he drove from

Orange County, California to Tijuana, Mexico at approximately 11:30 p.m. the night before. He stated that as soon as it started raining in Orange County, he headed to Tijuana to cover parts of the roof on his grandparents' unoccupied home. He was there for 30-40 minutes attending to the house before he headed back to the United States.

According to Defendant, he stopped at an intersection near the border in Tijuana when the material witness approached his vehicle and asked for help. Defendant stated that the material witness told him about his family hardship and asked Defendant for a ride into the United States. Defendant also stated that he knew the material witness wanted to be smuggled into the United States. Defendant stated that he felt sorry for the material witness and decided to help by smuggling him into the U.S. Defendant stated that he opened the trunk of the vehicle and the material witness entered.

Defendant admitted that he had the Registered Process Server identification card in its leather holder around his neck when he entered the San Ysidro Port of Entry. He also stated that the material witness was inside the trunk for approximately 5 minutes.

Defendant stated that he intended on taking the material witness to Orange County, but that he was not going to receive any compensation.

**D.  Material Witness's Statement**

The material witness, Raul Esquivel-Olvera, stated that he is a Mexican citizen by birth and that he does not possess any documents that would permit his legal entry into the United States. He stated that he wanted to go to Anaheim, California to seek employment.

Esquivel described how his wife made smuggling arrangements directly with Defendant. Although he was not sure of the exact

amount, he stated that Defendant would be paid between $2,800 and $3,000 upon his arrival in Anaheim. Esquivel stated that his wife currently resides in Anaheim, and that she was going to pay Defendant upon arrival.

Esquivel stated that Defendant picked him up at the Hotel Buenavista in Tijuana. He waited outside for Defendant after his wife told him that Defendant was on his way to pick him up. He state that he waited approximately 2 ½ hours outside the hotel. Additionally, he stated that Defendant opened the trunk and told Esquivel that if they got caught, to say that he just asked Defendant for a ride. Esquivel stated that he was in the trunk for about 20 minutes before being apprehended at the border.

**E.  Defendant's Criminal Record**

Defendant has approximately 22 convictions between 1980 to present. Of particular note are the following convictions: (1) July 26, 2000 felony conviction for being a felon in possession of a firearm and carrying a concealed weapon in a vehicle with a prior felony conviction (sentenced to three years in prison); (2) October 29, 1997 felony conviction for possession of a controlled substance (sentenced to 32 months in prison); and (3) November 30, 1988 misdemeanor conviction for false identification to peace officer.

**III**

**LEGAL ISSUES**

**A.  Elements of the Charged Offenses**

  1.  Elements of Title 8, United States Code, Section 1324(a)(2)(B)(ii)(Bringing in for Financial Gain)

Defendant is charged in Count 1 with bringing in illegal aliens for financial gain. The essential elements of a violation of 8 U.S.C. Section 1324(a)(2)(B)(ii) are:

      a.    Defendant brought, or attempted to bring, a person to the United States who was not a citizen of the United States;

      b.    That person had not received prior official authorization to come to, enter, or reside in the United States;

      c.    Defendant knew, or was in reckless disregard of the fact, that the person had not received prior official authorization to come to, enter, or reside in the United States; and

      d.    Defendant acted for the purpose of commercial advantage or private financial gain and with the intent to violate the immigration laws of the United States.

2.    <u>Elements of Title 8, United States Code, Section 1324(a)(2)(B)(iii)(Bringing in Without Presentation)</u>

Defendant is charged in Count 2 with bringing in illegal aliens without presentation. The essential elements of a violation of 8 U.S.C. Section 1324(a)(2)(b)(iii) are:

      a.    Defendant brought or attempted to bring a person to the United States;

      b.    The person was not a citizen of the United States and had not received prior authorization to come to, enter, or reside in the United States;

      c.    Defendant knew or acted in reckless disregard of the fact that the person had not received prior official authorization to come to, enter, or reside in the United States when the Defendant brought in, or attempted to bring, the person into the United States;

      d.    Defendant failed to bring and present the person immediately upon arrival to an appropriate immigration officer at a designated port of entry; and

      e.    Defendant acted with the intention of violating the immigration laws of the United States.

3.    <u>Elements of Title 18, United States Code, Section 2, Aiding and Abetting</u>

The essential elements of Title 18, United States Code, Section 2, aiding and abetting are:

      a.    The bringing in of aliens was committed by someone;

      b.   Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the bringing in or transportation of aliens; and

      c.   Defendant acted before the crime was completed.

**B.**   **Expert Testimony**

Out of an abundance of caution, the United States has given notice that it may CBP Officer Sergio Barron to testify regarding Defendant's crossings as well as the crossings of the load vehicle, which is registered in Defendant's name.

**C.**   **Legal Issues**

    1.   <u>Section 1324(a)(2)(B)(ii) of Title 8 Requires Proof That The Illegal Alien Was Brought In For Financial Gain, But Does Not Require Proof That Defendant Brought In The Illegal Alien For Defendant's Own Personal Financial Gain</u>

The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the purpose of commercial advantage or private financial gain -- not that the defendant himself act for that reason. <u>See</u> 8 U.S.C. § 1324(a)(2)(B)(ii) (describing "an offense done for the purpose of commercial advantage or private financial gain"). The "offense done" is bringing aliens to the United States or attempting to bring aliens to the United States as defined in Section 1324(A)(2). Accordingly, the United States need not prove that Defendant acted "for the purpose of commercial advantage or private financial gain."

In <u>United States v. Angwin</u>, 271 F.3d 786, 805 (9th Cir. 2001), <u>overruled on other grounds</u>, <u>United States v. Lopez</u>, 484 F.3d 1186 (9th Cir. 2007) (en banc), the Ninth Circuit squarely addressed this issue. In <u>Angwin</u>, the Ninth Circuit found that 8 U.S.C. § 1324(a)(2)(B)(ii), "does not require evidence of an actual payment or even an agreement to pay" but "merely requires that the offense was done for the purpose

of financial gain." Id. As such, the Anqwin court found that the United States did not have to provide evidence of the defendant's personal financial gain. Following the Anqwin court, the Ninth Circuit has also stated "[b]ecause [the defendant] was charged as an aider and abettor under 18 U.S.C. § 2, the government could make out this element merely by proving that a principal -- not necessarily [the defendant] himself -- committed the crime with a pecuniary motive; it need not show 'actual payment or even an agreement to pay.'" United States v. Tsai, 282 F.3d 690, 697 (9th Cir. 2001) (quoting Anqwin); see also United States v. Schemenauer, 394 F.3d 746, 751 (9th Cir. 2005) (concluding evidence sufficient to sustain a conviction for financial gain where evidence only established that defendant had an expectation to share in payments made to smuggle alien). As both the plain language of the statute and the cases above demonstrate, Section 1324(a)(2)(B)(ii) requires that the United States prove only that somebody brought an alien to the United States for the purpose of commercial advantage or financial gain -- not that the defendant himself acted for his own personal profit.

## IV

## **WITNESSES**

The Government reserves the right to change the order of, substitute, or add or omit one or more witnesses. Presently, the Government may call the following witnesses during its case-in-chief:

1. Henry Duran, Customs and Border Protection
2. Lester Jaque, Customs and Border Protection
3. Sergio Barron, Customs and Border Protection
4. Sara Espargoza, Customs and Border Protection
5. Roger Quintana, Customs and Border Protection

    6.    Cesar Valdivia, Customs and Border Protection
    7.    Edward Chavoya, Customs and Border Protection
    9.    Raul Esquivel-Olvera
    10.   Alejandra Zarate-Chavez
    11.   Stacey Ramsey, MCC

## V

### EXHIBIT LIST

The Government will provide an exhibit list on the morning of trial. The United States intends to offer into evidence some or all of the following exhibits:

1. Photographs of Vehicle
2. Photographs of compartment
3. Photographs of San Ysidro Port of Entry
4. Defendant's Process Server identification and badge
5. Referral Slip
6. Clothes worn by material witness
7. Treasury Enforcement Communication (TECS) crossing history documents
8. Calls from MCC

The Government will make its exhibits available to the Defendant for examination in advance of trial. The Government further requests a reasonable opportunity to examine Defendant's exhibits before trial.

## VI

### PROPOSED VOIR DIRE

1. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

2. The United States will be calling witnesses who are employed by United States Customs and Border Protection, and possibly other branches of the Department of Homeland Security. Does anyone have family members or close friends who work, or have worked, for any of those agencies (or their predecessor agencies: the U.S. Customs Service and Immigration and Naturalization Service)? Would that prevent you from being fair and impartial?

3. Has anyone had an unpleasant or negative experience with any law enforcement personnel? If so, please describe. Would that cause you to be biased against law enforcement?

4. Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5. Have you or any relatives or close friends ever been accused of, or charged with, a crime involving alien smuggling?

6. Has anyone had any training in the law? If so, please explain.

7. Will you be able to put aside any feelings of sympathy or pity for the defendant, if you have any, when deciding this case?

8. Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9. Does anyone have any moral or religious reservations that might prevent you from standing in judgment of another human being?

10. The defendant in this case is charged with smuggling human beings into the United States for financial gain. Does anybody have strong feelings or opinions about United States Immigration laws that would prevent you from viewing the evidence impartially?

11. Regardless of your position on the legalization or criminalization of immigration, will you be able to follow the law of the United States as it presently stands and as the judge instructs you regarding the criminal smuggling of human beings?

12. Has anyone been a member of an organization involved the "immigration debate"? Explain.

13. Does anyone believe the current immigration laws are too strict? Please explain.

14. Does anyone believe the current immigration laws are too lenient?

15. Does anyone feel strongly about the United States' immigration policies? Explain.

16. The United States will call many law enforcement personnel as witnesses. Would that prevent you from being fair and impartial?

17. Do any of you feel that it should not be a crime to enter - or assist someone else to enter - the United States illegally?

18. Have you ever had a particularly pleasant or particularly unpleasant experience while crossing the border into the United States at the Calexico West or at another port of entry into the United States? Please describe that

experience.  Would that experience have bearing on your ability to be fair and impartial? Please explain.

## VII

## JURY INSTRUCTIONS

The Government will submit proposed jury instructions under separate cover.

Dated: June 11, 2008                    Respectfully submitted,

                                           KAREN P. HEWITT
                                           United States Attorney

                                           s/ Peter J. Mazza
                                           PETER J. MAZZA
                                           Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                      )<br>              Plaintiff,              )<br>                                      )<br>         v.                           )<br>                                      )<br> CARLOS DAVID QUINONEZ, SR.,          )<br>                                      )<br>              Defendant.              )<br>_____) | Case No. 08-CR-0301-W<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of the Government's Trial Memorandum on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. HANNI FAKHOURY, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 11, 2008.

                                          s/ Peter J. Mazza