**HANNI M. FAKHOURY**
California Bar No. 252629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: Hanni_Fakhoury@fd.org

Attorneys for Mr. Quinonez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 08CR0301-W |
| Plaintiff, ) | DATE: June 17, 2008 |
| ) | TIME: 9:00 a.m. |
| v. ) | |
| ) | **DEFENDANT'S PROPOSED JURY** |
| **CARLOS DAVID QUINONEZ, SR.**, ) | **INSTRUCTIONS** |
| ) | |
| Defendant. ) | |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
PETER MAZZA, ASSISTANT UNITED STATES ATTORNEY:**

CARLOS DAVID QUINONEZ, SR., by and through his counsel, Hanni M. Fakhoury, and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Quinonez also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,

Dated: June 16, 2008                *s/ Hanni M. Fakhoury*
                                    **HANNI M. FAKHOURY**
                                    Federal Defenders of San Diego, Inc.
                                    Attorneys for Mr. Quinonez

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE
9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2003)**

| Instruction Number | Title |
|---|---|
| 1.1 | Duty Of Jury |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Evidence For Limited Purpose |
| 1.7 | Ruling On Objections |
| 1.8 | Credibility Of Witnesses |
| 1.9 | Conduct Of The Jury |
| 1.10 | No Transcript Available To Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline Of Trial |
| 1.13 | Jury To Be Guided By Official English Translation/Interpretation |
| 2.4 | Stipulations Of Fact (If Applicable) |
| 2.9 | Foreign Language Testimony (If Applicable) |
| 2.10 | Other Crimes, Wrongs Or Acts Of Defendant (If Applicable) |
| 3.3 | Defendant's Decision Not To Testify (If Applicable) |
| 3.4 | Defendant's Decision To Testify (If Applicable) |
| 3.6 | What Is Evidence |
| 3.7 | What Is Not Evidence |
| 3.9 | Credibility of Witnesses |
| 3.10 | Evidence Of Other Acts Of Defendant Or Acts And Statements Of Others |
| 3.11 | Activities Not Charged |
| 3.20 | Jury To Be Guided By Official English Translation/Interpretation |
| 4.3 | Other Crimes, Wrongs Or Acts Of Defendant (If Applicable) |
| 4.6 | Impeachment, Prior Conviction Of Defendant (If Applicable) |
| 4.14 | Eyewitness Identification |
| 7.1 | Duty To Deliberate |
| 7.2 | Consideration Of Evidence |
| 7.3 | Use Of Notes |
| 7.5 | Verdict Form |
| 7.6 | Communication With Court |

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.   1  **

This is a criminal case brought by the United States government. The government charges Mr. Quinonez with being a deported alien found in the United States. The charges against Mr. Quinonez are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

I instruct you that you must presume Mr. Quinonez to be innocent of the crime charged. Thus Mr. Quinonez, although accused of a crime in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Quinonez is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Quinonez .

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Quinonez is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. You may consider the evidence or the lack of evidence in determining whether there is a reasonable doubt.

//
//
//
//
//

Unless the government proves, beyond a reasonable doubt, that Mr. Quinonez has committed each and every element of the offense charged in the indictment, you must find Mr. Quinonez not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

### Authority

Ninth Cir. Model Jury Instr. 1.2 (2003 Ed.) (Modified), O'Malley, et al., <u>Federal Jury Practice and Instruction - Criminal</u> § 12.10: Presumption of innocence, burden of proof, and reasonable doubt (5th Ed.) (modified with one paragraph borrowed from Devitt and Blackmar, 3d Ed., § 11.14)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  **COURT'S INSTRUCTION NO. _____**

2  **DEFENDANT'S PROPOSED INSTRUCTION NO.    2   **

Mr. Quinonez is charged in count 1 of the indictment (naming Raul Esquivel-Olvera) with bringing in an illegal alien for financial gain in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code. In order for Mr. Quinonez to be found guilty of such a charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, the named person was an alien;

Second, the named person was not lawfully in the United States;

Third, Mr. Quinonez knew both that the named person was an alien and that the named person was not lawfully in the United States;

Fourth, Mr. Quinonez knowingly brought the named person to the United States;

Fifth, Mr. Quinonez specifically intended to violate the immigration laws of the United States by bringing the named person to the United States; and

Sixth, Mr. Quinonez committed the offense for the purpose of commercial advantage and private financial gain.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

<u>Authority</u>

8 U.S.C. § 1324(a)(2)(B)(ii); 9th Cir. Crim. Jury Instr. 9.1; <u>United States v. Barajas-Montiel</u>, 185 F.3d 947, 952-953 & n.7 (9th Cir. 1999) (§ 1324(a)(2)(B) jury instruction must require that the jury find that the defendant had the specific intent to violate immigration laws).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.  3 **

The prosecution has the burden of proving all elements of the crime charged, including the element alleged in count 1 of the indictment that Mr. Quinonez committed the offense "for the purpose of commercial advantage and private financial gain."

If the prosecution fails to convince all of you beyond a reasonable doubt that Mr. Quinonez committed the offense "for the purpose of commercial advantage and private financial gain," then you must acquit Mr. Quinonez of count 1.

<u>Authority</u>

9th Cir. Crim. Jury Instr. 7.9 (2000); <u>United States v. Echeverry,</u> 719 F.2d 974, 975 (9th Cir. 1983) (a more specific unanimity instruction directing that the jury must be unanimous as to which facts satisfy particular elements of the crime is appropriate when there is a genuine possibility of jury confusion); 8 U.S.C. § 1324(a)(2)(B)(ii).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  **COURT'S INSTRUCTION NO. _____**

2  **DEFENDANT'S PROPOSED INSTRUCTION NO.   4   **

   Mr. Quinonez is charged in count 2 of the indictment (naming Raul Esquivel-Olvera) with bringing to the United States without presenting the named alien to an appropriate immigration official at a designated port of entry in violation of Section 1324(a)(2)(B)(iii) of Title 8 of the United States Code. In order for Mr. Quinonez to be found guilty of that charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

   First, the named person was an alien;

   Second, the named alien was not lawfully in the United States;

   Third, Mr. Quinonez knew both that the named person was an alien and that the named person was not lawfully in the United States;

   Fourth, Mr. Quinonez knowingly brought the named alien to the United States;

   Fifth, Mr. Quinonez did not upon arrival immediately bring and present the named alien to an appropriate immigration officer at a designated port of entry; and

   Sixth, Mr. Quinonez specifically intended to violate the immigration laws of the United States by bringing the named alien to the United States without presentation.

   An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

Authority

8 U.S.C. § 1324(a)(2)(B)(ii); 9th Cir. Crim. Jury Instr. 9.1; <u>United States v. Barajas-Montiel</u>, 185 F.3d 947, 952-953 & n.7 (9th Cir. 1999) (§ 1324(a)(2)(B) jury instruction must require that the jury find that the defendant had the specific intent to violate immigration laws).

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.   5   **

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority

1 L. Sand, et al., Modern Federal Jury Instructions (2001), § 7-16; Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967); United States v. Masino, 275 F.2d 129 (2d Cir. 1960).

GIVEN _____

GIVEN AS MODIFIED_____

REFUSED_____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.   6   **

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the [Government] [has] proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to Mr. Quinonez's innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

<u>Authority</u>

Judicial Council of California Criminal Jury Instructions (CALCRIM) 224 -Circumstantial Evidence: Sufficiency of Evidence (2007) (modified)

GIVEN _____

GIVEN AS MODIFIED_____

REFUSED_____